UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JONATHAN LEBLANC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9043** |
| **TIMOTHY HOOPER, WARDEN** | **SECTION: "S"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for habeas corpus relief be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals for authorization to proceed with a second or successive petition.

## I. FACTUAL AND PROCEDURAL HISTORY

### *A. State-Court Proceedings*

Petitioner, Jonathan LeBlanc, is a state prisoner currently incarcerated at Elayn Hunt Correctional Center in St. Gabriel, Louisiana. In November 2011, he was charged by superseding bill of information with two counts of armed robbery with a firearm.[1] On

---

[1] State Rec., Vol. 3 of 6, Bill of Information, 10/25/10; Minute Entry, 11/8/11 (nolle prosequi); State Rec., Vol. 1 of 6, Bill of Information, 11/8/11. An initial bill of information charging LeBlanc with two counts of armed robbery with a firearm was filed by the State on

September 18, 2012, LeBlanc pleaded guilty to two counts of armed robbery with a firearm and was sentenced to concurrent 20-year terms of imprisonment at hard labor.[2] He did not pursue a direct appeal.

On or about February 14, 2013, LeBlanc filed an application for post–conviction relief with the state district court.[3] In that application, he asserted as interrelated grounds for relief that his conviction was unconstitutional because he pled guilty to two counts of a sentencing enhancement statute, which is not a substantive offense, and the trial court lacked jurisdiction to accept his guilty plea to two counts of armed robbery with a firearm under Louisiana Revised Statute 14:64.3. The application was denied on the merits by the district court on May 22, 2013.[4] LeBlanc's related supervisory writ application to the Louisiana Fourth Circuit Court of Appeal was denied on June 20, 2013.[5] His writ application to the Louisiana Supreme Court was denied without comment on January 10,

---

October 25, 2010. The case initially proceeded under docket number 501-374. The State entered a *nolle prosequi* as to these counts on November 8, 2011. On that same date, the State filed another bill of information reinstituting the same charges. The proceedings were docketed under case number 509-426.

[2] State Rec., Vol. 1 of 6, Minute Entry, 9/18/12.

[3] State Record, Vol. 3 of 6, Uniform Application for Post-Conviction Relief, 2/14/13.

[4] State Rec., Vol. 3 of 6, State District Court Order denying PCR, 5/22/13. LeBlanc also filed two writ applications with the Louisiana Fourth Circuit around this time seeking a ruling on his production of documents request and application for post-conviction relief. Both were granted for the sole purpose of transferring the motion and application for consideration. State Rec., Vol. 3 of 6, *State v. LeBlanc*, 2013-K-0574 (La. App. 4th Cir. May 16, 2013); *State v. LeBlanc*, 2014-K-0328 (La. App. 4th Cir. Apr. 9, 2014).

[5] State Rec., Vol. 4 of 6, *State v. LeBlanc*, 2013-K-0824 (La. App. 4th Cir. June 20, 2013).

2014.[6]

On or about July 17, 2014, LeBlanc filed a second application for post-conviction relief.[7] In that application, he argued that his guilty plea was invalid because it was not knowingly or intelligently made, and trial counsel was ineffective for providing misleading information regarding the actual number of years he would have to serve. The State opposed the application on procedural grounds.[8] The state district court agreed with the State and dismissed the application pursuant to Louisiana Code of Criminal Procedure article 930.4(E) (raises a new claim that was inexcusably omitted from a prior application), by Judgment signed November 14, 2014.[9] LeBlanc's related supervisory writ application filed with the Louisiana Fourth Circuit was denied on January 28, 2015.[10] On November 20, 2015, the Louisiana Supreme Court denied his supervisory writ application on the merits.[11] His request for reconsideration was denied on January 15, 2016.[12]

---

[6] *State ex rel. LeBlanc v. State*, 2013-KH-1584 (La. 2014), 130 So.3d 324; State Rec., Vol. 5 of 6.

[7] State Rec., Vol. 3 of 6, Uniform Application for Post-Conviction Relief dated 7/17/14.

[8] State Rec., Vol. 2 of 6, State's Procedural Objections to Petitioner's Successive Pro Se Application for Post-Conviction Relief, 10/9/14.

[9] State Rec., Vol. 2 of 6, District Court Judgment, 11/14/14.

[10] State Rec., Vol. 4 of 6; *State v. LeBlanc*, 2015-K-0057 (La. App. 4th Cir. Jan. 28, 2015).

[11] *State ex rel. LeBlanc v. State*, 2015-KH-0275 (La. 2015), 238 So.3d 975; State Rec., Vol. 5 of 6.

[12] *State ex rel. LeBlanc v. State*, 2015-KH-0275 (La. 2016), 184 So.3d 700; State Rec., Vol. 5 of 6.

On July 21, 2015, LeBlanc filed a motion to correct an illegally lenient sentence.[13] The state district court held an evidentiary hearing on that motion September 17, 2015. At the hearing, LeBlanc explained that he was incorrectly and illegally sentenced to concurrent 20-year terms. He asked the court to correct his sentence to reflect the two armed-robbery sentences and the two five-year terms imposed consecutive to those sentences under Louisiana Revised Statute 14:64.3. The trial court questioned why LeBlanc would object to his sentence as allegedly illegally lenient. LeBlanc candidly stated that he intended to use the new declaration that his sentences were illegal to attack his guilty plea again and avoid any procedural bars for timeliness or repetitiveness.[14] The district court then ruled as follows:

> THE COURT: In other words, you couldn't do that right now because it would be untimely. I got it. I'm not saying I'm going to grant your motion, but this is what I'm going to do. Mr. Burke, you ready? I need an amended commitment. I'm changing the sentence of September the 18th 2012. On September 18, 2012, Mr. LeBlanc pled guilty to two counts of 14:64.3. As to those two counts he received two twenty year Department of Correction sentences without the benefit of probation, parole or suspension of sentence, which I do not see in this particular minute entry, and that he was to receive credit for time served and those two sentences were to run concurrently with one another.
>
> MR. BURKE: It should have been a crime of violence.
>
> THE COURT: Crime of violence needs to be in there as well. The sentence is now amended. The two sentences are 15 years in the Department of Corrections as to the two counts of armed robbery to run concurrently with

---

[13] State Rec., Vol. 2 of 6, Motion to Correct Illegally Lenient Sentence (motion is undated but stamped as filed July 23, 2015 and accompanied by a cover letter from LeBlanc dated July 21, 2015).

[14] State Rec., Vol. 2 of 6, Transcript of Hearing (9/17/15), p. 5.

> one another with credit for time served and an additional five years for the gun component in 64.3 to run concurrently with one another, but to run consecutively with the 15. So that the record's really clear, as to Count 1 the sentence is 15 years in the Department of Corrections for the armed robbery, an additional five years for the gun enhancement, the five years to run consecutive to the 15. The Count 2 sentence is identical. 15 and five consecutive but Count 2 sentences are to run concurrently with Count 1's sentences. So the sentence is corrected.[15]

A minute entry for September 17, 2015 reflects the imposition of this modified sentence.[16] An amended minute entry for October 2, 2015 deleted any reference to his guilty pleas.[17]

On October 14, 2015, LeBlanc filed a third application for post-conviction relief.[18] In that application, he argued that his guilty pleas were invalid due to the original unlawful sentence and that he was denied effective assistance of trial counsel during plea negotiations. He asserted that his filing was proper following his resentencing to lawful terms of imprisonment.[19] Counsel on his behalf also filed a memorandum in support.[20] On April 6, 2016, a hearing was held with LeBlanc and his appointed counsel on the State's procedural

---

[15] *Id.* at pp. 5-6.

[16] State Rec., Vol. 1 of 6, Minute Entry, 9/17/15; *see also* Sentence of Court.

[17] State Rec., Vol. 4 of 6, Minute Entry, 10/2/15.

[18] State Rec., Vol. 2 of 6, Uniform Application for Post-Conviction Relief signed 10/14/15. In connection with this application, he also filed a writ of mandamus, which was granted instructing the district court to rule on the application if it had not already done so. State Rec., Vol. 4 of 6, *State v. LeBlanc*, 2015-K-1337 (La. App. 4th Cir. Jan. 8, 2016).

[19] State Rec., Vol. 2 of 6, PCR Application at p. 5.

[20] State Rec., Vol. 6 of 6, Exhibit H to La. S.C.t Writ No. 16-KH-2072.

objections.[21] The district court held the ruling open for additional briefing of issues. On May 13, 2016, the state district court heard additional argument and denied relief on procedural grounds.[22] On October 5, 2016, the Louisiana Fourth Circuit Court of Appeal denied his related supervisory writ application, reasoning that his post-conviction relief application was both successive and untimely.[23] On February 23, 2018, the Louisiana Supreme Court denied relief finding that "relator previously exhausted his right to state collateral review."[24]

B.   *Prior Federal Habeas Proceedings*

In February 2014, following his first completed course of state collateral review on his two claims for relief, LeBlanc filed a federal application for habeas corpus relief in this Court (Civil Action No. 14-277). The State conceded that the petition was timely and that he had exhausted his state-court remedies. On November 20, 2014, the undersigned issued a report and recommendation on the merits for dismissal with prejudice. An order and judgment to that effect was signed on December 8, 2014. LeBlanc filed a notice of appeal. His certificate of appealability was denied by the United States Fifth Circuit Court

---

[21] State Rec., Vol. 6 of 6, Transcript of PCR Hearing, 4/6/16.

[22] State Rec., Vol. 6 of 6, Transcript of PCR Hearing, 5/13/16.

[23] *State v. LeBlanc*, 2016-K-0810 (La. App. 4th Cir. Oct. 5, 2016); State Rec., Vol. 4 of 6. Julie Tizzard served as counsel for LeBlanc for the evidentiary hearing and filed briefs on his behalf at the district court and intermediate appellate court. *See* State Rec., Vol. 4 of 6 (Writ No. 16-K-810).

[24] *State ex rel. LeBlanc v. State*, 2016-KH-2072 (La. 2018), 237 So.3d 1186; State Rec., Vol. 6 of 6.

of Appeals.[25]   On April 7, 2016, the United States Supreme Court denied review.[26]

### C.   *Current Federal Habeas Proceedings*

On September 25, 2018, LeBlanc filed his second federal application for habeas corpus relief challenging the state courts' rulings denying his most recent application for post-conviction relief on procedural grounds.   He asserts that the state courts unreasonably determined that his application was untimely (La. C.Cr.P. art. 930.8) and successive (La. C.Cr.P. art. 930.4) in violation of due process.   The State asserts that the federal application is impermissibly second or successive and this Court is without jurisdiction to consider the application.   Alternatively, the State argues that the application is untimely.   The State also asserts that the claims are not cognizable on federal habeas review and procedurally barred, at least in part.[27]   Citing *Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 177 L.Ed.2d 592 (2010), LeBlanc contends his petition is not successive due to the intervening 2015 resentencing, which resulted in the only legal sentence imposed in this case.[28]

## II. LAW AND ANALYSIS

Title 28 U.S.C. § 2244 (b) places the following restrictions on second or successive federal habeas applications:

---

[25]   C.A. No. 14-277, Rec. Doc. 32.

[26]   C.A. No. 14-277, Rec. Doc. 33.

[27]   Rec. Doc. 15.

[28]   Rec. Doc. 16, p. 3.

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was previously unavailable; or
> >
> > (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts; *see also* 28 U.S.C. § 2244(b)(3)(A). In lieu of dismissal, the successive petition may be transferred to the United States Fifth Circuit of Appeals for authorization to proceed. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997) (adopting a procedure to be used when a successive petition filed without prior authorization is transferred).

Under the AEDPA, "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998); *see also*, *In re Cathey*, 857 F.3d 221, 224 (5th Cir. 2017). "AEDPA's bar on second or

successive petitions only applies to a later-in-time petition that challenges the same state-court judgment as an earlier-in-time petition." *Cathey*, 857 F.3d at 224 (quoting *In Re Lampton*, 667 F.3d at 588).

A habeas corpus petition is not successive when it is the first application challenging a new, intervening judgment rendered after the first federal habeas proceeding. *Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (holding that when there is a new judgment intervening between two federal habeas petitions, and the latter petition challenges the new judgment, it is not a second or successive petition under 28 U.S.C. § 2244(b)). In *Magwood*, the granting of habeas relief on petitioner's first federal habeas application overturned his death sentence and required the state court to hold an entirely new sentencing proceeding. After a full resentencing hearing, the trial court imposed a penalty of death stating that the new "judgment and sentence [were] the result of a complete and new assessment of all of the evidence, arguments of counsel, and law." 561 U.S. at 326. He filed a second federal habeas application challenging the resentencing, *i.e.*, arguing the sentence was unconstitutional because he did not have fair warning at the time of his offense that his conduct would be sufficient to warrant a death sentence under Alabama law and his attorney rendered ineffective assistance during the resentencing proceeding. The Supreme Court concluded that the petitioner's new sentence after resentencing constituted a new judgment, and therefore was not second or successive. However, because he was not challenging the validity of his underlying conviction, the case gave the Court in *Magwood* no reason to consider whether a petitioner may challenge "not only his resulting, *new* sentence, but also

9

his original, *undisturbed* conviction" in the subsequent application. *Id*. at 342 (emphasis in original).

Here, the state district court was skeptical of LeBlanc's ultimate goal of avoiding procedural bars to ultimately invalidate his guilty plea, but the court agreed that the requested amendment was proper under Louisiana law and corrected the two armed-robbery sentences to specify a determinate sentence with the five-year enhancement penalties for using a dangerous weapon to run consecutively with each of the 15-year sentences for armed robbery.[29] That is, rather than two concurrent 20-year terms for armed robbery, the trial court modified his sentence to impose a 15-year sentence for count one-armed robbery with a five-year consecutive sentence for the additional penalty, and the same on the second count-armed robbery, to run concurrently. As the state district judge had warned, however, LeBlanc was unable to use the amended judgment as a springboard for a third opportunity to challenge his original guilty plea conviction by claiming that his original guilty plea was based upon an unlawful sentence and he was denied effective assistance during plea negotiations. His post-conviction applications were soundly rejected on procedural grounds at every level of collateral review in the state courts.

He filed a second federal petition in this Court complaining that the state courts impermissibly barred him on procedural grounds from challenging his underlying guilty plea conviction. He does not challenge the corrected sentence. LeBlanc argues that under

---

[29] La. C.Cr.P. art. 879 (if a defendant is sentenced to a term of imprisonment the court shall impose a determinate sentence). This typically arises on error patent review as part of a direct appeal, but LeBlanc raised the issue by motion on collateral review.

*Magwood* the successive filing requirements do not apply because since his first federal habeas petition he received an amended and intervening new judgment, which opens an avenue for him to again challenge his underlying guilty plea conviction.

A review for successiveness under these circumstances must resolve whether a new judgment has resulted since the first federal habeas petition. The United States Fifth Circuit Court of Appeals has explained that this means not merely an amended sentence, but a new sentence sufficient to render it a "new, intervening judgment" under *Magwood*. *In Re Parker*, No. 14-50250, 575 F. Appx. 415, 417 (5th Cir. 2014) (citing *In Re Lampton*, 667 F.3d 585, 588 (5th Cir. 2012) and *Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (equating "judgment" in criminal case with "sentence")). In making that determination, the Court must consider "the impetus and effect of the amended judgment." *In Re Parker*, 575 F. Appx. at 418.

The petitioner in *Parker* was a federal prisoner who pleaded guilty to eleven counts of an indictment. He was sentenced to 60 months on conspiracy and tax evasion counts; 117 months on counts of wire fraud, money laundering and aiding and abetting; and 36 months on counts of filing false income tax returns, with all terms to run concurrently. He was ordered to serve concurrent three-year periods of supervised release as to all counts. On direct appeal, the federal district court rejected his challenge to the guilty plea. His subsequent motion to vacate was denied on the merits, but the magistrate judge accepted his argument that he should not have been sentenced to three-year periods of supervised release on two of the counts. A third amended judgment was entered correcting those

11

periods of supervised release, and the overall length of supervised release remained unchanged. A direct appeal of the amended judgment was dismissed because he raised no issues concerning the amended judgment. He then filed another Section 2255 motion to vacate, which the district court dismissed as successive and unauthorized. His motion for authorization to proceed with a successive motion to vacate was denied by the United States Fifth Circuit Court of Appeals. The Fifth Circuit reasoned that the amended judgment did not constitute a new, intervening judgment. *Id*. at 418-19. The appellate court noted that although the initial motion to vacate prompted the amendment to the judgment, the district court merely corrected the petitioner's sentence without granting habeas relief or reassessing the sentencing evidence or law, unlike the full resentencing hearing that occurred in *Magwood*. Thus, the Fifth Circuit concluded that the amended judgment did not result in a new sentence as contemplated by *Magwood* sufficient to constitute a new, intervening judgment. *Parker*, 575 F. Appx. at 419; *see also In Re Hensley*, 836 F.3d 504 (5th Cir. 2016) (denying authorization to file a second or successive section 2254 application where district court's vacatur of habitual-offender life sentence and simultaneous reinstatement of Hensley's original and underlying 60-year sentence did not effect a new, intervening judgment under *Magwood*).

    The same rationale appears to apply to LeBlanc's corrected sentence. His sentence was not vacated; it was modified. There was no resentencing hearing. In fact, the state district court would not even grant his motion to correct an illegally lenient sentence.[30]

---

[30] State Rec., Vol. 2 of 6, Transcript of Hearing (9/17/15), p. 5.

12

The district court simply corrected the sentences to comply with Louisiana law and set forth the terms for the armed robbery charges separately from the terms of the gun enhancements technically required by law to run consecutively, in accordance with his negotiated plea agreement. Notably, the length of the overall sentences remained unchanged. LeBlanc subsequently had no success in challenging the underlying guilty plea on grounds that were known to him since his conviction and were rejected repeatedly by the state and federal courts. Under these circumstances, the amended sentence does not constitute the sort of new, intervening judgment contemplated under *Magwood*.

Furthermore, *Magwood* did not involve a situation like LeBlanc's where the second federal habeas application challenges only the conviction and not the resentencing. LeBlanc has cited no controlling law authorizing another challenge to his guilty plea under these circumstances.[31] In fact, the *Magwood* court expressly left open the question of whether a petitioner may challenge not only the new sentence but also the original undisturbed conviction. *Magwood*, 561 U.S. at 341 & n. 16. The Fifth Circuit did not reach the question in *Parker*, 575 F. Appx. at 418 n. 3.[32]

---

[31] LeBlanc's specified grounds for relief in this federal application allege only purported procedural errors under state law that occurred on collateral review. However, his third post-conviction relief application filed in the state district court sought to raise the underlying claims that "the state induced LeBlanc into entering a plea agreement to which an unlawful sentence would be imposed," thus rendering his guilty pleas "absolute nullities," and ineffective assistance of counsel during plea negotiations when he was advised to reject several plea offers. State Rec., Vol. 2 of 6.

[32] *See United States v. Jones*, 681 F. Appx. 294 (4th Cir. 2017) (indicating a split among circuit courts on this question in the context of 28 U.S.C. § 2255 motions, but joining a "chorus of our sister circuits in finding that when a habeas petition is the first to challenge a new judgment, it is not second or successive… regardless of whether it challenges the sentence

For these reasons, the Court finds that LeBlanc's latest federal petition is an unauthorized second or successive application. Before the petition can be considered on the merits by this District Court, the petitioner must obtain authorization to file the second or successive petition from the United States Fifth Circuit Court of Appeals by making a *prima facie* showing of the listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A). Until the petitioner obtains such authorization, this Court is without jurisdiction to proceed.

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that LeBlanc's application for federal habeas corpus relief be construed in part as a motion for authorization and **TRANSFERRED** to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for the court of appeals to determine whether Petitioner is authorized under 28 U.S.C. § 2244(b) to proceed with the instant habeas corpus application in this Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United*

---

or the underlying conviction").

*Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[33]

New Orleans, Louisiana, this __14th__ day of _____June_____, 2019.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[33] *Douglass* referenced the previously applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.

15